FILED

2005 Mar-15  AM 08:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM TICE  and** ) | |
| **MELINDA TICE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CV 05-PT-0149-E** |
| ) | |
| ) | |
| **CHARTER COMMUNICATION,** ) | |
| **LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard upon plaintiffs William Tice's and Melinda Tice's

Motion to Remand, filed on February 16, 2005.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs William Tice and Melinda Tice are residents of Talladega County, Alabama.

(Cmpt. ¶¶ 1-2).  Defendant Charter Communications, LLC ("Charter") is a Delaware corporation.

(*Id.* at ¶ 3).  Defendant Powell Cable Services, Inc. ("Powell") is a Georgia corporation.  (*Id.* at ¶

4).  Defendant Crown Fiber Communications, Inc. ("Crown") is a Virginia corporation.  (*Id.* at ¶

5).  Defendant Foote Brothers Furniture ("Foote Brothers") is an unincorporated organization.

(*Id.* at ¶ 6).  All the defendants are doing business in Talladega County, Alabama.  (*Id.* at ¶¶ 3-6).

On May 21, 2004, William Tice and Melinda Tice commenced this lawsuit by filing a

complaint in the Circuit Court of Talladega County, Alabama.  The action was assigned case

number "CV-2004-316."  The complaint named as defendants Charter, Powell, Crown, and

1

Foote Brothers.  The lawsuit arose from a May 25, 2002 accident at the intersection of Houston

Road and Alabama Route 21 in Talladega County.  (Cmpt. ¶ 9).  In the accident, William Tice's

vehicle overturned after coming in contact with a low hanging cable line allegedly improperly

installed, operated, maintained, and/or repaired by Charter, Powell, and Crown.  (*Id.*)  Counts I

through VI in the complaint allege various tort-based claims against Charter, Powell, and Crown.

Count VII asserts a claim by William Tice for benefits under Alabama's Workers' Compensation

Act against Foote Brothers, his employer.  In the complaint, after pleading all the tort-based

counts, the plaintiffs demanded a trial by jury, and plaintiffs' counsel signed the complaint mid-

page.  Count VII followed this signature and, at the conclusion of it, plaintiffs' counsel again

affixed his signature.  None of the tort-based counts in the complaint are directed toward Foote

Brothers.  On September 29, 2004, the Tices amended their complaint to correctly identify

Charter as Marcus Cable of Alabama, LLC ("Marcus").[1]

On December 27, 2004, in response to a motion filed by Crown and following a hearing,

the state court trial judge entered the following order:

> . . . Upon argument of respective counsel for and against said Motion, submission
> upon the pleadings, and the Court taking judicial knowledge of its file, it is hereby

---

[1] The petition for removal in a somewhat conclusory fashion states that:

> Defendant Marcus Cable of Alabama, LLC, is a foreign limited liability company
> organized under the laws of the State of Delaware and has no members of
> Alabama citizenship.  Thus, Marcus Cable of Alabama, LLC, is not a citizen of
> the State of Alabama for the purposes of diversity jurisdiction.  28 U.S.C. §
> 1332(c)(1).

(Rem. Pet. ¶ 4).  There is no allegation with reference to its principal place of business.  The fact
that it is said to be "of Alabama" might suggest that its principal place of business is in Alabama.
The court does not decide the issue as such.  The fact that there is no specific allegation with
respect to principal place of business <u>may</u> defeat removal.

2

ORDERED that the Plaintiffs' Complaint for Worker's Compensation benefits is hereby severed from all other claims for the purpose of trial. The Plaintiffs' Complaint for Worker's Compensation shall be placed in this Court's non-jury docket, and the remaining claims shall remain in this Court's jury case docket.

It is further Ordered that the claims are not severed for discovery purposes, and discovery shall proceed accordingly.

On January 25, 2005, Crown, joined by Charter, Marcus, and Powell, filed a "Removal Petition" in this court. (Removal Petition ¶ 4). Although the Petition asserted that all defendants agreed to the removal, it did not indicate that Foote Brothers joined in or consented to it. (*Id.* ¶ 2). In the Petition, Crown asserted only "federal diversity of citizenship jurisdiction." (*Id.* ¶ 2). Crown also stated:

This notice of removal is timely filed because it is submitted within thirty (30) days from the day that Defendant received 'other paper from which it . . . ascertained that the case is one which has become removable.' 28 U.S.C. § 1446(b). This case became removable when the state court severed the workers' compensation claim on December 27, 2004.

(*Id.*)

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Therefore, federal courts have power to hear only those cases that they have been authorized to hear by the Constitution or by Congress. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Russell Corp.*, 264 F.3d at 1050. The removal statute is to be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

3

A case may be removed to federal court only if the case could have been brought originally in federal court pursuant to the court's diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). However, diversity will not support removal jurisdiction if any properly joined defendants are citizens of the state in which the suit was originally filed. *See* 28 U.S.C. § 1441(b). The determination of whether federal jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint. *Pacheco De Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). An anticipated or even inevitable federal defense generally will not support removal. *Id*. at 1373 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)). The burden of establishing federal jurisdiction is placed on the defendant, with all doubts resolved in favor of remand, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). When multiple defendants are involved, all defendants must consent to removal. *Russell Corp.*, 264 F.3d at 1050.

## ARGUMENTS[2]

### I. __Motion to Remand.__

#### A.   **Effect of State Court's December 27th Order.**

Plaintiffs argue that in removing this action, defendants ignored the exact nature of the state court judge's December 27, 2004 order. Plaintiffs assert that there is a material difference between a state court severing a workers' compensation claim from tort claims for purposes of trial and a state court assigning an entirely new case number to the severed workers' compensation claim. Plaintiffs point to *Whetstone v. Unitog, Inc.*, 960 F.Supp. 267 (N.D. Ala.

---

[2] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

1997), where the court stated:

> The problem might have been avoided if the state court in the instant case had done what it did in *In re: The Uniroyal Goodrich Tire Company*, 104 F.3d 322 (11th Cir.1997), namely, to give the severed matter an entirely new case number. Because an entire case must be removed, an anomaly is created when a classic claim for workers' compensation benefits is removed in the teeth of [28 U.S.C.] § 1445(c), along with a separate retaliation claim, the removing defendant knowing full well that the workers' compensation claim will have to be remanded.

960 F.Supp. at 269.  Plaintiffs note that in *Whetstone*, as in this case, the state court ordered separate trials but did not create two separate civil actions with different case numbers.  *Id.*

In the present matter, plaintiffs argue, Crown proffered no evidence that, by its December 27, 2004 order, the state court created two separate civil actions by giving the workers' compensation claim against the employer "an entirely new case number."  Specifically, plaintiffs assert, Crown failed to demonstrate that the workers' compensation claim is now proceeding in the Circuit Court of Talladega County, Alabama, under a case number different from "CV-04-316WEH," the case number of the matter removed to this court.

According to plaintiffs, the plain language of the December 27, 2004 order connotes that all claims remained in a single civil action for discovery purposes and other pre-trial activities, and only that there would be separate trials.

Plaintiffs maintain that the December 27, 2004 order is consistent with the state court having exercised its authority under Rule 42(b) of the Alabama Rules of Civil Procedure. Plaintiffs note, "[t]he mere grant of severance [for purposes of trying various asserted claims separately pursuant to Rule 42(b)] does not change one lawsuit into many."  *Ex parte Lamb,* 400 So.2d 386, 388 (Ala. 1981).  According to plaintiffs, Alabama state court judges are permitted to use Rule 42(b) in situations where a claim for workers' compensation benefits is joined with

5

other claims.  *See, e.g., Bryant v. Flagstar Enterprises, Inc.,* 717 So.2d 400 (Ala. Civ. App. 1998).

In the present matter, plaintiffs conclude, the state court ordered separate trials, pursuant to Rule 42(b) of the Alabama Rules of Civil Procedure, and did not sever out the workers' compensation claim, pursuant to Rule 21, by creating a new case number for the claim.

**B.    CV-040316WEH Is Not Removable.**

Plaintiffs note that the state court civil action numbered "CV-04-316WEH" contains the claim for workers' compensation benefits against Foote Brothers, and that this claim arises from the underlying accident that also gave rise to the tort-based claims against the other defendants. Plaintiffs point out that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).  According to plaintiffs, as long as William Tice's claim for workers' compensation benefits is contained in the state court civil action numbered "CV-04-316WEH," the entire state court action is not removable.  *See Bolton v. McWane Cast Iron & Pipe Co.*, 328 F.Supp.2d 1229, 1233 (N.D. Ala. 2004) (finding that action containing claims for workers' compensation and negligence arising out of same events was not removable until the claim for workers' compensation had been dismissed).

Plaintiffs draw the court's attention to *Priest v. Sealift Services Intern., Inc.,* 953 F.Supp. 363 (N.D. Ala. 1997).  In that case, Priest, the plaintiff, was injured in a work-related accident and, in a single complaint, asserted a workers' compensation benefits claim against Faithway Feed Company, his employer, and various negligence-based claims against Sealift Services and two other entities.  953 F.Supp. at 363-64.  On Faithway Feed's motion, the state court judge

6

ordered a separate trial of the workers' compensation benefits claim. *Id.* at 363. Then Sealift Services and two other defendants filed a notice of removal. *Id.* The *Priest* court wrote:

> The removing defendants, who are the subject of a claim of negligence that allegedly caused plaintiff's injuries, have erroneously assumed that the inhibition against removability contained in 28 U.S.C. § 1445(c), and the absence of complete diversity, both first disappeared with the order of severance and suddenly created a basis for removability and a window of opportunity to remove.

*Id.* The court further observed that, "despite the severance, this was, at the time of the removal, still one case. Ordinarily, entire cases are removed and not parts of cases." *Id.* The *Priest* court found that, if the entire case had to be removed, then Faithway Feed had to join in or consent to the removal, which it had not done. *Id.* at 364. The court concluded:

> Last, if it was improper for plaintiff to name his employer as a party-defendant in the first instance, the employer-defendant could have been ignored by the other defendants just like a fictitious or fraudulently joined non-diverse party, and the 30-day period for removal began to run when the first diverse defendant was served.

*Id.*

Given the above arguments, plaintiffs reach the following conclusions: (a) The continued joinder of the workers' compensation benefits claim with the tort-based claims in a single civil action precludes any removal of this action; (b) Foote Brothers' failure to join in, or consent to, the removal is a fatal defect in the notice of removal; and (c) The attempt to remove just the tort-based claims is untimely because the notice of removal was filed more than thirty days after Marcus was served with a copy of the complaint as amended to add it as a party-defendant.

## II.   <u>Defendant Crown's Response.</u>[3]

In the state court, the December 27, 2004 order was entered in response to Crown's

---

[3] Crown was the only defendant to respond to this Motion.

motion requesting that the workers' compensation count be severed from the other counts in the

complaint.  Crown highlights the following argument it asserted in a letter brief in support of this

motion in the state court:

> . . . The aforementioned tort claims <u>do not share common questions of law</u> with the workers' compensation claim, nor are the tort claims dependent upon or subject to the same burdens of proof and procedural mechanisms as the workers' compensation claim.  For instance, the burden of proof of legal and medical causation under the Workers' Compensation Act, in and of themselves, differ with the common-law precept of proximate cause.  As for procedural differences, the Act (specifically § 25-5-81) provides for different procedural and evidentiary standards.  In sum, a claim for workers' compensation benefits is a statutory animal that is designed to be litigated before the Court (and only the Court), due to the unique substantive and procedural characteristics of the Workers' Compensation Act.  Contrastingly, common-law tort claims are sent to the jury under entirely different precepts and questions of law.  Mixing the two during one trial can only invite prejudice, delay, and jury confusion.

> Along those lines, the Alabama Court of Civil Appeals has stated that, "**<u>the usual procedure where a claimant has filed a complaint seeking both workers' compensation and tort relief is for these two claims to be severed.</u>**"  <u>Raines v. Browning-Ferris Indus. of Alabama, Inc.</u>, 638 So. 2d 1334, 1337 (Ala. Civ. App. 1993) (citing <u>Lowman v. Piedmont Executive Shirt Mfg. Co.</u>, 547 So. 2d 90 (Ala. 1989); <u>Watson v. Presbyterian Retirement Corp.</u>, 615 So. 2d 624 (Ala. Civ. App. 1992)); <u>see also</u> <u>Wallace v. Tee Jays Mfg. Co., Inc.</u>, 689 So.2d 210, 211 (Ala. Civ. App. 1997).

> Moreover, **<u>Alabama courts routinely sever workers' compensation claims</u>** from retaliatory discharge claims.  <u>See e.g.</u>, <u>Ex parte Breitsprecher</u>, 772 So.2d 1125 (Ala. 2000).  Courts also sever claims of outrage and fraud that are brought in connection with a workers' compensation claim.  <u>See e.g.</u>, <u>Kimbrell v. White</u>, 863 So.2d 105 (Ala. Civ. App. 2003).  If Alabama courts see fit to sever workers' compensation claims from retaliatory discharge, outrage, and fraud claims, even when the latter tort claims stem from the workers' compensation claim, then this Court should sever the instant workers' compensation claim from the wholly unrelated tort allegations.  Granting this severance would not prejudice the Plaintiffs.  In fact, placing the workers' compensation case on the non-jury docket should expedite benefits to Mr. Tice, if he be due any, rather than having him wait for the jury trial on the multiple tort claims.

(emphasis in original).

Crown asserts that, after considering this argument, the state court severed the workers' compensation claim from the tort-based claims.  Crown disputes plaintiffs' assertion that the December 27, 2004 order did not act as a true severance of the claims, but as an order of separate trials.  Crown points to the language of the December 27, 2004 order, and argues that it is significant that the state court placed the workers' compensation claim on an entirely different docket than the tort-based claims.  Specifically, Crown contends, the workers' compensation case will be managed and heard on the Circuit Court's non-jury docket, while the tort-based claims remained on the Circuit Court's jury docket.  According to Crown, the jury versus non-jury docket distinction suggest a "substantive severance."  This is because, Crown argues, if the tort-based claims had not been removed to federal court, those claims would have been managed, called, and ultimately tried on an entirely different docket than the workers' compensation claims.  Crown points to the docket sheet from the Talladega County Circuit Court and maintains that, at the state court's direction, the Clerk of the Court assigned the severed workers' compensation suit a different case number, that being "CV-04-316**.1**."  (emphasis added).

According to Crown, plaintiffs' contention that the state court merely intended to order separate trials is erroneous.  First, Crown points out, no named defendant moved for separate trials.  Instead, Crown moved for a severance, which, according to Crown, the Circuit Court subsequently granted.  The form of the state court's order, Crown argues, bespeaks severance.  Crown maintains that an examination of the effect of a severance versus the effect of separate trials is the most appropriate manner in which to ascertain the effect of the state court's order.  Crown notes that, in *Key v. Robert M. Duke Ins. Agency,* 340 So.2d 781 (Ala. 1976), the Supreme Court of Alabama remarked that "[a]lthough the Committee Comments to the Alabama

9

Rules of Civil Procedure do not always honor the distinction between 'separate trial' and 'severance,' the distinction exists and is significant." 340 So.2d at 783. Crown asserts that the *Key* court relied upon the distinction drawn by Wright and Miller between an order of severance and an order requiring separate trials: "Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." *Id.* (quoting Wright & Miller, Federal Practice and Procedure: Civil § 2387 (1971)). The Supreme Court of Alabama held in *Key*, Crown notes, "[w]hen . . . a claim is severed from the original action, as authorized by Rule 21, ARCP, a new action is created, just as if it had never been a part of the original action, and a completely independent judgment results." *Key*, 340 So.2d at 783. The *Key* court further noted that, when determining whether a trial court intended a severance or only separate trials, the substance of the order is more determinative than its form. *Id.*[4]

In this case, Crown argues, just as in *Key*, a severance occurred in both form and substance. Specifically, Crown contends, the workers' compensation claim could have, and will be, reduced to a judgment wholly independent of the result in the third-party tort case. At the

---

[4] The *Key* court stated:

> In the case at bar, defendants Gulf and Duke expressly moved for a 'severance' on the ground that Rule 18(c) forbids 'a jury trial of a liability insurance coverage question jointly with the trial of a related damage claim against an insured.' The trial court expressly granted a 'severance' on the question of uninsured motorist coverage. We do not wish to be understood as holding that the label 'severance' is always determinative. The Substance of the court's action, not its Form, controls. But, here, since the question severed could have originally been presented in an independent action, the substance of the court's action is consistent with its form. There was a severance in fact as well as in form.

340 So.2d at 783-84.

trial of the workers' compensation case, Crown maintains, the Talladega County Circuit Court will determine whether William Tice suffered an injury in the course and scope of his employment with Foote Brothers and, if so, to what extent that injury physically and/or vocationally impaired him under the Workers' Compensation Act.  The workers' compensation lawsuit, Crown concludes, is a statutory, non-jury cause that will result in a judgment entirely independent of the outcomes of the tort-action against Crown, Charter, and Powell.

Crown contends that the December 27, 2004 order severed the workers' compensation case so that it became "a new action . . ., just as if it had never been a part of the original action." *Key*, 340 So.2d at 783.  Because Foote Brothers no longer remained a party to this action by operation of law, Crown asserts, this action became properly removable under diversity of citizenship jurisdiction.  Moreover, Crown argues, the remaining removing defendants did not need Foote Brothers' consent to remove as, by operation of the severance, it is no longer a party to this lawsuit.

## III.   Plaintiffs' Reply.

### A.   Formatting of the Complaint and Joinder of Claims.

Plaintiffs first addresses the format of the complaint and the fact that the workers' compensation claim was separated from the tort-based claims in the document.  Plaintiffs argue that, for purposes of determining whether this matter was properly removed to this court, the format of the complaint or the number of times the plaintiffs' counsel signed the complaint is irrelevant.  Further, plaintiffs assert, it is likewise irrelevant that none of the tort-based claims were directed at Foote Brothers.  According to plaintiffs, Crown did not cite any rule, statute, or case law that would bar William Tice from joining his workers' compensation claim against

11

Foote Brothers with the tort-based claims asserted against the other defendants.  Plaintiffs

maintain that such joining of claims is permissible under the Alabama Rules of Civil Procedure.

*See* Ala. R. Civ. P. 20(a) (discussing permissible joinder of parties); Ala. R. Civ. P. 39

(discussing trial by jury or trial by court).

            Plaintiffs reiterate that, when a plaintiff has joined a claim for workers' compensation

benefits with tort-based claims, a trial judge may, pursuant to Alabama Rule of Civil Procedure

42(b), order separate trials or, pursuant to Rule 21, sever out the workers' compensation claim

and create a new lawsuit in which the only claim is for workers' compensation benefits.

According to plaintiffs, a trial judge may also try all the claims in a single trial.  However,

plaintiffs assert, trial judges typically order separate trials or sever the initial "single" lawsuit into

two separate actions.

        Plaintiffs again point to *Priest v. Sealift Services Intern., Inc.,* 953 F.Supp. 363, 364 (N.D.

Ala. 1997), and argue that, if Crown believed that the claim for workers' compensation benefits

had been improperly joined with the tort-based claims, it should have filed its notice of removal

within thirty days of receiving the complaint and argued that Foote Brothers was fraudulently

joined as a party-defendant.  Therefore, plaintiffs conclude, if Crown demonstrates that the

workers' compensation claim was improperly joined in the same action as the tort-based claims,

it shows that the notice of removal was not timely filed and remand is mandated.

> **B.    The December 27, 2004 Order.**

        Plaintiffs next highlight the language of the December 27, 2004 order of the state court.

According to plaintiffs, in the state court, Crown argued for "complete" severance of the

workers' compensation claim from the other claims under Rule 21.  However, plaintiffs argue,

they opposed severance under Rule 21 before the state court and urged the court to order separate

trials under Rule 42(b) if any relief was to be granted to Crown.  Plaintiffs assert that, when read

in its entirety, the December 27, 2004 order is consistent with the state court accepting their

arguments and ordering separate trials instead of a complete severance.  Plaintiffs note that the

workers' compensation claim was separated for the purpose of trial but not for discovery

purposes.  The fact that there was no severance for discovery purposes, plaintiffs contend,

demonstrates that the state court intended to try the claims separately but to keep all the claims

together in a single lawsuit.  The December 27, 2004 order, according to plaintiffs, plainly shows

that the state court used Rule 42(b) and not Rule 21.

Plaintiffs highlight the February 13, 2004 Committee Comments to Rule 21, which state:

> . . .  Confusion has sometimes arisen between a true severance and an order
> providing for separate trials pursuant to Rule 42(b). . . .
>
> To avoid ambiguity at the time of bifurcation and later uncertainty as to finality, a
> party seeking a severance or a separate trial should request that the court make
> clear whether a Rule 21 severance or a Rule 42(b) separate trial is intended.
> *Opinion of the Clerk*, 526 So.2d 584, 586 (Ala.1988), expressed the clerk's
> opinion that the plaintiff in the severed action should pay a filing fee "[w]here a
> 'true' severance under Rule 21 is ordered and the clerk dockets a separate case
> with a new civil action number." (See also § 12-19-70, Code of Alabama 1975,
> regarding the waiver of the filing fee based on a verified statement of substantial
> hardship.) Thus, the parties may remove any ambiguity by obtaining a new docket
> number and paying a separate filing fee, if a severance is intended and
> appropriate.

Plaintiffs note that the December 27, 2004 order did not instruct that the workers'

compensation claim be assigned a new docket number and did not order that William Tice pay an

additional filing fee.  To the contrary, plaintiffs assert, the state court maintained all claims in a

single lawsuit while declaring that the claim for workers' compensation benefits would be tried

separately from the other claims.  According to plaintiffs, Crown has proffered no evidence that

William Tice was asked to or has paid an additional filing fee.  In the present matter, plaintiffs

conclude, separate trials pursuant to Rule 42(b) were ordered, and there is but one civil lawsuit.

      **C.**     **Significance of "CV-04-316.1."**

Plaintiffs next address Crown's argument that the workers' compensation claim was

assigned the new case number, "CV-04-316.**1**."  (emphasis added).   Plaintiffs argue that Crown

has proffered no evidence that the state court ordered or instructed the Circuit Clerk to add the

".1" designation.  Further, plaintiffs contend, there is no evidence that the use of the ".1"

designation created two separate lawsuits.

Plaintiffs draw the court's attention to the docket sheet relied on by Crown.  The sheet

references "CV 2004 000316 01" and lists the style as "William & Melinda Tice vs Charter

Communications."  The sheet also designates the matter as one involving "Negligence-General."

Plaintiffs maintain that it is undeniable that only William Tice is seeking to recover workers'

compensation benefits, and only from Foote Brothers.  According to plaintiffs, the most obvious

inference from the docket sheet is that, for ministerial or filing purposes, the Circuit Clerk added

the ".1" designation in order to separate pleadings solely pertaining to the workers' compensation

claim from pleadings solely related to the other claims.  Such a designation, plaintiffs assert, was

most likely aimed at better organizing the file rather than separating the claims.  Plaintiffs

contend that this inference is supported by the Circuit Clerk's response to their counsel's query

regarding the ".1" designation.  Plaintiffs point to a short note from Clarence Haynes, Circuit

Clerk for Talladega County, which reads:

      Re:    William Tice et al

vs. Charter Communications et al
CV 2004-316

The non-jury part of this case has been assigned the number CV 2004-316.1.  All
the documents will remain in the same file.

The jury and non-jury part (*sic*) of this case are in one file and will remain
together in one file consolidated.

### D.    *Bryant*, and not *Key*.

Plaintiffs note that Crown relies on *Key v. Robert M. Duke Ins. Agency,* 340 So.2d 781

(Ala. 1976).  Plaintiffs acknowledge that the *Key* trial court severed the claims pursuant to Rule

21.  However, they argue that no such severance occurred in this matter.

Plaintiffs point to *Bryant v. Flagstar Enterprises, Inc.*, 717 So.2d 400 (Ala. Civ. App.

1998).  Plaintiffs note that Bryant's original complaint contained only a claim for workers'

compensation benefits and the only named defendant was her employer.  717 So.2d at 401.

Later, Bryant amended her complaint to add an outrage claim and an additional defendant, her

employer's workers' compensation insurance carrier.  *Id*.  The trial court in *Bryant* entered an

order "bifurcating" the two claims, "setting one date for the hearing of the workers' compensation

claim and a later date for the hearing of the outrage claim."  *Id.*  The Alabama Court of Civil

Appeals concluded that the effect of the trial court's order was to order separate trials pursuant to

Rule 42(b), and not to sever the claims pursuant to Rule 21.  *Id.* at 402.

In the present matter, plaintiffs conclude, the state court merely ordered separate trials,

and there is no evidence that the state court severed the original civil action into two separate

suits.

### CONCLUSIONS OF THE COURT

15

This court is fully satisfied of only one thing; that is that there is no definitive answer to the issues raised.

First, it is not clear whether the state court intended merely a separate trial pursuant to Alabama Rule of Civil Procedure 42(b) or a severance under ARCP 21. The state court judge did say that the "Complaint for Worker's Compensation benefits is hereby severed . . ." (Emphasis added). The judge added, however, that it was for "purposes of trial." The claims were to be separately docketed.

In *Key*, *supra*, the court stated, "We do not wish to be understood as holding that the label 'severance' is always determinative. The Substance of the court's action, not its Form, controls." 340 So.2d at 783 (emphasis added). As *Key* seems to make plain, the determinative issue is whether a single judgment will result. Here, any workers' compensation judgment, other than as related to subrogation, would be independent. It is not clear what effect subrogation would have on the issue of independent judgment.

If, under all circumstances, a workers' compensation claim in state court must be severed, in form and in substance, this removal is likely untimely, because that basis for removal would have likely been available within 30 days of initial service on the defendants.[5] If it is not clear under Alabama law that all such claims must be severed in form and in substance, the action of the state court judge here is subject to different interpretations.

Under the first alternative, the removal is untimely.[6] Under the second alternative, the

---

[5] There may be a question as to whether federal law would determine that the claims are separate and independent.

[6] The workers' compensation claim against Foote Brothers was never removable. 28 U.S.C. § 1445(c). If the case had been earlier timely removed on the basis of diversity, the

court is faced with the statement in *Diaz*, *supra* ("The removal statute should be construed narrowly with doubt construed against removal").  85 F.3d at 1505.[7]

This court ultimately concludes that there is no good reason for it to depart from the holding in *Priest*, *supra*.  The action will be remanded.[8]

This 14th of March, 2005.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

proper procedure would have been to petition to remove only the tort claims, or, if the entire case had been removed, for this court to have remanded the workers' compensation claim.

[7] A "catch-22" type situation.  *See also, Russell Corp.*, 264 F.3d at 1050; *Shamrock Oil & Gas,* 313 U.S. at 107-09.

[8] The court does not reach the issue of the effect of the Removal Petition stating:

> This notice is filed in the United States District Court for the **Middle District of Alabama**, **Northern Division**, within the time allowed by law for the removal of actions to the United States District Court.

(Rem. Pet. ¶ 1) (emphasis added).